**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEANETTE RAMIREZ SMITH; et al., | CASE NO. 12-cv-2568 BEN (RBB) |
| Plaintiffs, | |
| vs. | **ORDER SUA SPONTE DISMISSING WITH LEAVE TO AMEND** |
| MOSS GARDENS APARTMENTS, L.P. dba MOSS GARDENS APARTMENTS; et al., | |
| Defendants. | |

Federal courts have an obligation to *sua sponte* inquire as to their jurisdiction, because Article III, § 2 of the Constitution limits the jurisdiction of federal courts to ongoing "cases" or "controversies." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997); *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004). To invoke federal jurisdiction, Article III demands that a plaintiff show that he or she has "suffered a concrete and particularized injury that is either actual or imminent." *Id.* As the Ninth Circuit put it, "[i]t is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies. See U.S. CONST. art. III, § 2, cl. 1." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005). Because Plaintiffs have invoked jurisdiction under 28 U.S.C. §1331 (*i.e.*, federal question jurisdiction) based solely on alleged violations of the Federal Housing Act, 42 U.S.C. §3601 *et*

*seq*., the Court considers whether Plaintiffs have articulated a substantial federal question sufficient to invoke federal jurisdiction.

As alleged in the Complaint, in April 2007, Jeanette Ramirez Smith and Jorge Fajardo Muniz *moved into* Moss Gardens Apartments with their minor children. (Complaint ¶ 15.) Plaintiffs allege that the manager for Moss Gardens Apartments, "incessantly harassed Ms. Ramirez about allowing her children to play in the common areas" of the property. (*Id*. ¶ 17.) On October 22, 2012, Plaintiffs filed suit against Defendants Moss Gardens Apartments, L.P., Pennell Property Management, Inc., Dennis H. Pennell, and Dennis H. Pennell, II, alleging that Defendants discriminated on the basis of "familial status" in the operation of Moss Gardens Apartments.

In 1968, Congress enacted the Federal Housing Act ("FHA") to prohibit discrimination against buyers and renters of residential housing. In 1988, Congress enacted the Fair Housing Amendments Act amending the FHA and prohibited housing discrimination on the basis of "familial status," except in housing for older persons. In 1995, Congress enacted the Housing for Older Persons Act, making clear that where a community houses at least one person over 55 years of age in at least 80% of the housing units, familial status discrimination is permissible. *See Taylor v. Rancho Santa Barbara*, 206 F.3d 932, 935 (9th Cir. 2000).

Plaintiffs are silent as to whether the Moss Garden Apartments qualify as housing for older persons. If so, there would be no federal case or controversy about familial discrimination. This is the first flaw in their federal claim.

The second flaw is one of time limitations. Section 3613 of the Act limits the private right of action to suits filed within two years of discriminatory events. This case was filed in October 2012, making actionable acts more recent than October 2010. Yet, the Complaint speaks of many older events. For example, the Complaint states, "[i]n April 2007. . . husband and wife moved into the apartment complex." (Complaint ¶ 15.) The Complaint continues, "[o]n multiple occasions

from 2007 to present," and "[t]he problems started as far back as 2008," and "[s]ince 2007, Defendants have enforced a rule." (*Id.* ¶ 17.) The Complaint further alleges, "[o]n many occasions since 2007," and "[o]n at least three occasions in 2008," and "[i]n July 2010 . . . ." (*Id.* ¶ 17.)

There are only two events that are specifically alleged to have occurred within the two-year period preceding the Complaint. One event occurred in April 2011. At that time the apartment manager allegedly became upset at the minor Plaintiffs for playing in the common area.

That a manager became upset in April 2011 is, without more, a legal trifle that is too insubstantial to invoke the jurisdiction of a federal court. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 839-40 (9th Cir. 2007) (collecting cases) ("The ancient maxims of *de minimis non curat lex* and *lex non curat de minimis* teach that the law cares not about trifles."); *see also McKee v. Turner*, 491 F.2d 1106, 1107 (9th Cir. 1974) ("We, therefore, hold that McKee's case is *de minimis*, and does not present a justiciable controversy.").

The other event took place in October 2012 when a Notice of Termination of Tenancy was served upon Plaintiffs. Terminating a lease for a discriminatory reason would not be a trifle. However, Plaintiffs offer only the conclusory assertion that the notice was "primarily due to the fact that Plaintiffs had refused to obey the continued order to stop letting their children play in the common areas." This fails to describe discrimination based on familial status. Moreover, the Complaint is silent as to the stated reason given for the termination notice. It is plausible that the termination notice was for a pedestrian reason such as non-payment of rent, rather than a reason violating the FHA. Even Plaintiffs' assertion that the termination notice was based upon the minor plaintiffs' continued playing could equally describe landlord action based on disruptive or unsafe behavior as well as discrimination based on familial status. It is significant that the Complaint does not allege that individuals over 18 years of age were permitted to play with balls, toys,

or bikes in the apartment common areas, while families with minor children were not permitted.  In other words, all that Plaintiffs have alleged is that Defendants enforced a no-playing rule that may have been applied equally to all ages of residents.  A controversy over generally-applicable rules of housing behavior fashioned to achieve non-discriminatory ends does not create a justiciable controversy under the Federal Housing Act.  The instant Complaint fails to allege more.

A third problem is that the Fair Housing Act, by its terms, generally extends to those who *buy* or *rent* housing.  *See e.g.*, 42 U.S.C. §3604(a) ("It shall be unlawful . . . to refuse to sell or rent . . . ."); §3604(b) ("It shall be unlawful . . . to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . ."); §3604(c) ("It shall be unlawful . . . to make, print, or publish . . . with respect to the sale or rental . . . ."); §3604(d) ("It shall be unlawful .  .  . to represent to any person . . . that any dwelling is not available for inspection, sale or rental . . . .").  The Complaint does not allege that the Plaintiffs *rented* an apartment at the Moss Garden Apartments.  The Complaint states that they *"moved into"* the apartment complex in 2007.  (Complaint ¶ 15 emphasis added.)  The Complaint further alleges that the manager harassed Ms. Ramirez, "[d]uring the time that Ms. Ramirez and her family *has lived at* the Subject Property," rather than during the time Plaintiffs *have rented* at the property.  (Complaint ¶ 17 emphasis added.)  Plaintiffs do not come within the protection of the Act if they have not bought or rented or offered to buy or rent housing from the Defendants.

In conclusion, because the Complaint does not describe a federal controversy substantial enough to invoke federal jurisdiction, and because the remaining state law claims depend upon the existence of a live federal claim for supplemental

12-CV-2568

jurisdiction,[1] this case is dismissed without prejudice.  Plaintiffs may file an amended complaint within 30 days of this Order.

**IT IS SO ORDERED.**

DATED:  August 6, 2013

_____
Hon. Roger T. Benitez
United States District Judge

---

[1]*See* 28 U.S.C. §1367(c); *Comm. Concerning Cmty. Improvement v. Modesto*, 583 F.3d 690, 715 & n.16 (9th Cir. 2009).